Prob 12
(Mod. For E.VA 10/09)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

FEB 16 2018

U.S.A. vs. Christopher C. Moore        Docket No. 2:10CR00203-001

### Petition on Supervised Release

COMES NOW Brett R. Riley, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Christopher C. Moore, who was placed on supervision by The Honorable Robert G. Doumar, Senior United States District Judge sitting in the Court at Norfolk, Virginia, on the 2nd day of May, 2011*, who fixed the period of supervision at FIVE (5) YEARS, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2.

*Supervision began on May 20, 2016.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

### ORDER OF COURT

Considered and ordered this _16_ day of _FEB_, _____ and ordered filed and made a part of the records in the above case.

_____
Senior United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _2/15/18_

_Brett R. Riley_
Senior U.S. Probation Officer

Place Norfolk, Virginia

TO CLERK'S OFFICE

Petition on Supervised Release
Page 2
RE: MOORE, Christopher C.

OFFENSE:
Count 1: Conspiracy to Commit Credit Union Fraud, in violation of 18 U.S.C. 1349, a Class B Felony.

Count 3: Aggravated Identity Theft, in violation of 18 U.S.C. 1028A(a)(1), 1028A(c)(5) and 2, a Class E Felony.

SENTENCE:
The defendant was sentenced to seventy-two (72) months imprisonment, five (5) years supervised release, a $100 special assessment, and $369,750.00 restitution.

SPECIAL CONDITIONS:
1. The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3. The defendant shall provide the probation officer access to any requested financial information and shall waive all rights of privacy in regard to mental and health matters, especially any mental or health matters concerning his mental condition.

4. The defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation or in a lesser amount to be determined by the Court upon recommendation of the probation officer, from time to time.

5. The defendant shall participate in a program approved by the United States Probation Office for mental health treatment. The cost of this program is to be partially paid by the defendant as may be directed by the probation officer.

ADJUSTMENT TO SUPERVISION:
Moore's five-year term of supervised release began in the Eastern District of Virginia on May 20, 2016, following his release from the United States Bureau of Prisons. On this date, the undersigned officer conducted an initial interview with the defendant. This officer explained the Conditions of Supervision to Moore. The defendant signed his Judgment Order and received a personal copy.

Concerning his special conditions, Moore participated in a substance abuse and mental health treatment programs as directed by the probation officer. On June 15, 2016, Moore completed a substance abuse evaluation at The Counseling Center and they determined that Moore did not meet the criteria deeming substance abuse treatment appropriate at this time. Moore participated in mental health counseling services at The Peninsula Center from June 14, 2016, until September 21, 2016, when he received a successful discharge.

Case 2:10-cr-00203-RGD-FBS Document 66 Filed 02/16/18 Page 3 of 5 PageID# 267

Petition on Supervised Release
Page 3
RE: MOORE, Christopher C.

Moore has submitted seven random drug tests during his term of supervision. All of the defendant's urine specimens have tested negative for controlled substances.

In contrast to his compliance with drug testing, treatment, and mental health counseling, Moore has failed to pay restitution as directed by the probation officer, despite maintaining full-time employment. The defendant has demonstrated difficulty with submitting monthly supervision reports as required, reporting changes of residence to the probation officer, and complying with state laws and traffic ordinances.

Moore reportedly earns a net monthly income of $1,800 from his job at Carrol Tire, yet he claims that he does not earn a sufficient income to pay restitution to the victims of his offense. The defendant has made poor financial decisions with concern to his residences, vehicle, and household expenses. Moore has moved four times during his term of supervision. Each time the defendant changed his residence, he has taken on increased rental agreements, which he cannot afford. Moore's original lease agreement was $930 per month. His current monthly rent is $1,175. Additionally, one month after his release on supervision, Moore financed a luxury Audi sedan. His monthly car payment is $337. Moore opened the loan for this vehicle without the approval of the probation officer. The defendant opened two additional lines of credit during his term of supervision, without the approval of the probation officer.

In addition to poor financial decision making, Moore has not demonstrated a respect for the law while he has been on supervision. On August 20, 2016, the defendant was charged by the Hampton Police Department with Reckless Driving as a result of speeding in excess of 80 mph. Moore was found guilty in abstentia of Reckless Driving by the Hampton General District Court on October 5, 2016. On July 15, 2016, and August 27, 2016, Moore was charged with Abuse of a Family Member against his wife, Courtney Moore. The defendant was served with two Emergency Protection Orders by the Norfolk Police Department. These charges were later dismissed in the Norfolk Juvenile and Domestic Relations Court on September 1, 2016. Subsequently, on October 30, 2017, Moore received a traffic citation from the Newport News Police Department for Failure to Drive on the Ride Half of the Highway. The defendant was convicted of this offense on December 4, 2017. Finally, on November 26, 2017, the defendant was cited by the Norfolk Police Department for Expired Registration and Speeding 15–19 mph above the limit. Moore was convicted of these offenses on January 11, 2018.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**MANDATORY CONDITION      COMMISSION OF A CRIME – RECKLESS DRIVING.**

On August 20, 2016, Moore was charged by a Hampton Police Officer with Reckless Driving for speeding in excess of 80 miles per hour. On October 5, 2016, a Hampton General District Court Judge found Moore guilty of Reckless Driving in abstentia. The Court ordered the defendant to pay a $298.95 fine and $121.00 court costs.

**SPECIAL CONDITION:      FAILURE TO PAY RESTITUTION AS DIRECTED.**

The Court ordered that any balance remaining unpaid on the special assessment and restitution at the inception of supervision shall be paid by the defendant in installments of not less than $200 per month, until paid in full. Moore failed to pay restitution as directed for the following months:

Petition on Supervised Release
Page 4
RE: MOORE, Christopher C.

| MONTH & YEAR | PAYMENT RECEIVED |
|---|---|
| July 2016 | $0.00 |
| August 2016 | $160.00 (partial payment) |
| September 2016 | $0.00 |
| October 2016 | $0.00 |
| November 2016 | $0.00 |
| December 2016 | $0.00 |
| January 2017 | $60 (partial payment) |
| February 2017 | $0.00 |
| April 2017 | $0.00 |
| May 2017 | $0.00 |
| July 2017 | $0.00 |
| August 2017 | $0.00 |
| September 2017 | $0.00 |
| October 2017 | $50.00 (partial payment) |
| November 2017 | $0.00 |
| December 2017 | $0.00 |
| January 2018 | $50.00 (partial payment) |

**SPECIAL CONDITION:** **OPEN ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBAITON OFFICER.**

The Court ordered that the defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, as a special condition of supervised release. Moore failed to comply with this condition by opening a line of credit with ABNB Federal Credit Union on May 26, 2016, in the amount of $632 with a monthly payment of $130. This debt was later charged off with loss to the lender of $632. Moore opened a vehicle loan with Gateway One Lending on July 29, 2016, in the amount of $14,275 with a monthly payment of $338. Moore opened a third line of credit Acceptance Now on October 8, 2016, in the amount of $4,500 with a monthly payment of $142. This debt was subsequently charged off with a loss of $4,489 to the lender. On March 14, 2017, Moore opened a fourth line of credit with Verizon on March 14, 2017. All of the aforementioned lines of credit were opened without the approval of the probation officer.

**CONDITION 2:** **FAILURE TO SUBMIT MONTHLY SUPERVISION REPORTS AS DIRECTED.**

At the inception of supervision, Moore was instructed to electronically submit monthly supervision reports between the 1st and the 5th day of each month. Moore failed to submit the following monthly supervision reports as directed:

| MONTH & YEAR | DATE RECEIVED |
|---|---|
| August 2016 | September 6, 2016 |
| October 2016 | June 19, 2017 |
| November 2016 | June 19, 2017 |

Case 2:10-cr-00203-RGD-FBS Document 66 Filed 02/16/18 Page 5 of 5 PageID# 269

Petition on Supervised Release
Page 5
RE: MOORE, Christopher C.

| MONTH & YEAR | DATE RECEIVED |
|---|---|
| January 2017 | June 19, 2017 |
| February 2017 | March 9, 2017 |
| March 2017 | June 19, 2017 |
| April 2017 | Not Received |
| May 2017 | June 19, 2017 |
| August 2017 | September 6, 2017 |
| September 2017 | October 8, 2017 |
| October 2017 | November 7, 2017 |
| November 2017 | December 6, 2017 |
| December 2017 | January 6, 2018 |
| January 2018 | February 11, 2018 |

**CONDITION 3:**     **FAILURE TO FOLLOW THE INSTRUCTION OF THE PROBATION OFFICER.**

In October 2016, the defendant relocated to a new residence located at 311 W. Little Creek Road, Apartment E, Norfolk, Virginia 23505. On October 19, 2016, the probation officer delivered a Felony Registration Form to the defendant's residence and instructed him to register his address with the Norfolk Police Department per the local ordinance. Moore failed to follow the probation officer's instruction by not registering this address with the Norfolk Police Department.

**CONDITION 6:**     **FAILURE TO NOTIFY THE PROBATION OFFICER TEN DAYS PRIOR TO A CHANGE OF RESIDENCE.**

Moore changed his residence on three occasions and failed each time to notify the probation officer ten (10) days prior to changing his residence. Specifically, Moore relocated to 311 W. Little Creek Road, Apt E, Norfolk, Virginia, in October 2016, and he did not notify the probation officer ten days prior to his change of residence. Subsequently, in December 2016, Moore relocated to 8476 Grove Avenue, Norfolk, Virginia, and he failed to notify the probation officer ten days prior to his change of residence. Finally, in November 2017, Moore relocated to 1611 Croyden Road, Norfolk, Virginia, and again he failed to notify the probation officer ten days prior to his change of residence.

BRR/